# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
KAREN A. NEWIRTH
MARC AGNIFILO ADMITTED IN N.Y. AND N.J.

MARK M. BAKER
OF COUNSEL

November 21, 2007

**BY FEDERAL EXPRESS AND ELECTRONIC FILING**
The Honorable William H. Pauley
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street; Room 2210
New York, NY 10007

RE:   **UNITED STATES V. ROBERT S. BARACZEK**
      **07 CR 442 (WHP)**

Dear Judge Pauley:

      We represent the defendant, Robert Baraczek, in the above-captioned matter. On November 30, 2007, Mr. Baraczek will appear before the Court to be sentenced, following his plea of guilty on May 21, 2007 to a one count indictment charging Mr. Baraczek with the illegal wholesale distribution in interstate commerce of prescription drugs in violation of 21 U.S.C. §§ 331(t), 353(e)(2)(A) and 353(b). We write in advance of sentencing to provide information relevant to the Court's consideration of Mr. Baraczek's sentence and in support of Mr. Baraczek's appeal for a non-custodial sentence.[1]

---

[1] We have previously delivered to United States Probation Officer Zondra Wilson, and filed with the Court, Mr. Baraczek's objections and clarifications to the Pre-Sentence Report (PSR), dated October 23, 2007, wherein no substantive objections to the defendant's guideline calculations were made. The PSR calculates the sentencing guidelines at a Total Offense Level of 6 based on a 2-level increase because the defendant used a special skill (§3B1.3) and a 2-level reduction for Acceptance of Responsibility (including the Government's motion under §3E1.1(a)). Mr. Baraczek has zero criminal history points and is therefore a Criminal History Category of 1, making the applicable range of imprisonment under the guidelines 0 to 6 months.

BRAFMAN & ASSOCIATES, P.C.

      Respectfully, the intent of this letter is to direct the Court's attention to Title 18 U.S.C. 3553(a), which we believe is relevant in this matter and should be considered before Your Honor imposes sentence. The purpose herein is to highlight the specific factors that bear most directly upon the issue of determining the most appropriate sentence for Mr. Baraczek. As the Court is aware, pursuant to U.S. v. Booker, 543 US 220 (2005), the sentencing guidelines are effectively advisory and federal judges now have the flexibility to apply their experience and wisdom to fashion sentences in accordance with the well recognized pre-guideline principle of "individualized sentencing."[2]

## The Offense

      The instant offense represents Mr. Baraczek's first and only arrest and conviction. From March 2004 through June 2006, Mr. Baraczek engaged in the wholesale distribution of a prescription drug containing finasteride, which was meant to prevent hair loss, by selling such drug to licensed physicians in Manhattan and elsewhere. Mr. Baraczek did not have the proper authority to distribute finasteride during this time and in this manner. There has been no allegation that the prescription drug Mr. Baraczek distributed was in any way defective, or that he caused any harm to any person through his conduct.

      Mr. Baraczek fully and unconditionally accepts responsibility for his conduct; nothing in this letter is intended to detract from that acceptance of responsibility or Mr. Baraczek's unqualified remorse.

## The Sentencing Guidelines

      In addition to calculating the applicable guidelines range, we respectfully submit that this Court should also consider and weigh several different factors as set forth in Section 3553(a) of the United States Sentencing Guidelines when determining Mr. Baraczek's sentence. See Booker, 543 U.S. at 245-46; 264-65 (2005). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; (3) the kinds of sentences available; and (4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

---

[2] The Second Circuit in its post Booker interpretation U.S. v. Crosby, 397 F 3d 103, (2d Cir. 2005) held that while the guidelines are no longer mandatory, they must be considered. The trial court is entitled to find all the facts appropriate for determining either a guideline or non-guideline sentence.

2

BRAFMAN & ASSOCIATES, P.C.

Section 3553(a) specifically directs that courts "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." 18 U.S.C. § 3553(a).

Mr. Baraczek's plea agreement calculates a Guidelines Offense Level of 6, with a Criminal History Category of 1, resulting in a stipulated Guidelines range of 0 to 6 months, a fine (depending on the Court's determination of Mr. Baraczek's ability to pay) ranging from $500 to $5000. In recommending that Mr. Baraczek receive a non-custodial sentence of a one year term of probation, the United States Probation Department considered the following factors: (1) that this offense represents Mr. Baraczek's first arrest; (2) Mr. Baraczek expressed remorse for his unlawful behavior; (3) there is no information to indicate that there was anything "wrong" with prescription medication (finasteride) "manufactured" by the defendant; and (4) Mr. Baraczek's conduct did not pose a danger to anyone. (PSR at 18). We agree with the Probation Department's view that each of these factors counsels in favor of a non-custodial sentence for Mr. Baraczek.

We respectfully submit that in addition to these factors highlighted by the Probation Department, a non-custodial sentence is appropriate for the following additional reasons: (5) Mr. Baraczek's character, family circumstances and the effect of incarceration on Mr. Baraczek's teenage daughter and (6) Mr. Baraczek voluntarily assisted the United States Attorney's Office for the Northern District of New York, the Drug Enforcement Agency (DEA) and the Food and Drug Administration (FDA) in connection with their investigation into a third party with whom Mr. Baraczek had business dealings with.

We respectfully request that the Court sentence Mr. Baraczek to a non-custodial sentence consistent with the low end of his guidelines range or, in the alternative, to a non-custodial, non-guidelines sentence. It is Mr. Baraczek's hope that the Court will accept the Probation Department's recommendation that a sentence of a "one-year term of probation is adequate to satisfy the sentencing objectives of just punishment, deterrence and promoting respect for the law." (PSR at 18).

### Robert Baraczek Is A Good Man Who Made A Mistake

As the character letters submitted by Mr. Baraczek's wife Laurel and brother John suggest, he is a kind, honest, generous and selfless man who values his relationship with family and his loved ones.

Mr. Baraczek has worked hard to build a successful business from which he has been fortunate enough to earn a modest income. Rather than spending his money lavishly on material goods, Mr. Baraczek has instead made exceptional contributions to those who are less fortunate. His altruism is not motivated by a desire for recognition but rather, as

3

BRAFMAN & ASSOCIATES, P.C.

his wife describes it, by an obligation to fulfill his "purpose" on this earth. (See Exhibit 1, Letter of Laurel Baraczek). As Mr. Baraczek's older brother John wrote, even from a very young age, Mr. Baraczek always found a way to make charitable contributions as well as donations of his time. (See Exhibit 2, Letter of John Baraczek).

Examples of Mr. Baraczek's good works range from the anonymous funding of one of his local church's scholarships, whose purpose is to finance the education of an economically disadvantaged student who sought higher education to the payment of college tuition for employees and children of his employees, giving them an opportunity they would not otherwise have had to the donation of turkeys to his local homeless shelter on Thanksgiving to donating his time to a Baptist Mission in the late 1980's. It is fair to say that Mr. Baraczek's life has been filled with numerous acts of kindness, to the benefit of friends, acquaintances and strangers alike. Mr. Baraczek has passed his commitment to charitable good works on to his two children, by encouraging them to give of themselves to those who are less fortunate. To reinforce those values, he has taken them on philanthropic trips around the world, such as their recent trip to Brazil, where they volunteered to help those who are socio-economically disadvantaged.

Family and education are of paramount importance to Mr. Baraczek; these are values he shares with his wife and his children. As Mr. Baraczek's brother wrote, "the trait that is most prevalent is that of a dedicated family man, husband and father." (Exhibit 2 at 2). Mr. and Mrs. Baraczek have been married for 23 years and have two children. Mr. Baraczek's son is expected to graduate from Purdue University this year and his daughter, who suffers from various disabilities, is also due to graduate from the Kildonan School, a specialized school for children with learning disabilities in upstate New York, this year. Of her husband, Mrs. Baraczek writes, "Robert is an excellent father and has always considered his children's needs a priority." Both Mr. Baraczek's wife and brother credit the time, effort and care he has shown his daughter with her development and accomplishments. John Baraczek explains:

> Over the years through countless doctors, therapists and tutors I believe the biggest effect on Lauren's progress was Bob's dedication and resolve to inspire in his daughter an 'I can do it attitude" to never give up and be proud of ones accomplishments no matter how small.

(Exhibit 2 at 2). Given Mr. Baraczek's importance in his daughter's life, we believe that a sentence involving a prison term would have an unduly harsh effect on her. See, e.g., U.S. v. Milikowsky, 65 F.3d 4, 8 (2d Cir. 1995) ("Among the permissible justifications for downward departure ... is the need, given appropriate circumstances, to reduce the destructive effects that incarceration of a defendant may have on innocent third parties.").

**BRAFMAN & ASSOCIATES, P.C.**

      Mr. Baraczek's contributions to his community and his fellow man paint a picture of a kind and generous individual with a family and friends who rely on him. He has expressed remorse for his actions since the beginning of these proceedings and he is embarrassed and regretful of the effect his conduct has had on his family and business associates. It is Mr. Baraczek's hope that in taking into consideration his good works and his commitment to his family, the Court will be merciful:

> [S]urely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance. This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, 'the history and characteristics of the defendant.'

<u>United States v. Adelson</u>, 441 F.Supp.2d 506 at 513-514 (S.D.N.Y. 2006).

      In addition to Your Honor's consideration of the character of Mr. Baraczek, it is important to note that he has no criminal record and has never been convicted of any crime. Having never previously been in trouble with the law, this process has deeply affected Mr. Baraczek. He poses no risk to the public and will not offend again.

      Given the forgoing factors, we submit that this Honorable Court is empowered and justified in imposing a sentence which will provide adequate punishment and reflect the seriousness of the offense but also permit Mr. Baraczek to remain at home, close to his family and loved ones. Respectfully, it is urged that this Court fashion and impose a non-custodial sentence and allow Mr. Baraczek to continue as a generous and productive member of society.

### Mr. Baraczek Voluntarily Provided Post-Offense Assistance to Law Enforcement in an Unrelated Matter

The Second Circuit has held that:

> in formulating a reasonable sentence a sentencing judge must consider "the history and characteristics of the defendant" within the meaning of 18 U.S.C. § 3553(a)(1), as well as the other factors enumerated in § 3553(a), and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a

**BRAFMAN & ASSOCIATES, P.C.**

> Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1 ("non-5K cooperation"). Section 3553(a)(1), in particular, is worded broadly, and it contains no express limitations as to what "history and characteristics of the defendant" are relevant. This sweeping provision presumably includes the history of a defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation.

United States v. Fernandez, 443 F.3d 19, 33 (2d Cir. 2006).

In this case, Mr. Baraczek voluntarily cooperated with the Office of the United States Attorney for the Northern District of New York, the FDA and the DEA in the investigation by those offices into a third party with whom Mr. Baraczek had had business dealings. At no point was Mr. Baraczek considered a "target" in this investigation; his cooperation was purely voluntary and done in an effort to assist the government in its investigation.

On August 7, 2007, our office as counsel to Mr. Baraczek was contacted by a Drug Enforcement Agent who was working with the FDA and the United States Attorney's Office for the Northern District of New York on an investigation into a third party with whom Mr. Baraczek happened to have had business dealings. This agent explained the nature of investigation and asked whether Mr. Baraczek would be willing to assist in the investigation by answering questions related to the subject of the investigation, its employees, and Mr. Baraczek's business dealings with the entity and individuals. The agent informed our office that Mr. Baraczek was not considered a "target" in this investigation and that the government simply wished to talk to Mr. Baraczek as a fact witness. Mr. Baraczek's status as a "witness" was subsequently confirmed by the Assistant United States Attorney responsible for the investigation, Thomas Capezza.

Mr. Baraczek was willing to meet with the government to answer questions related to their investigation and we arranged for Mr. Baraczek to meet, via video conference, with Mr. Capezza, his colleague in the Northern District of New York Richard S. Hartunian, and members of the FDA and DEA. Mr. Capezza has provided a letter to defense counsel documenting the efforts of Mr. Baraczek in assisting the Northern District of New York in its ongoing investigation. That letter is attached hereto as Exhibit 3. As Mr. Capezza's letter makes clear, on September 24, 2007, Mr. Baraczek answered the government's questions related to its investigation into a third party for more than two hours. Following that conference, Mr. Baraczek provided the government with written clarification of his oral statements as well as copies of documents requested by the government. "Mr. Baraczek provided answers to all of the government's questions and documents when requested." (Exhibit 3 at 1).

BRAFMAN & ASSOCIATES, P.C.

**Conclusion**

It is respectfully submitted that giving due consideration to the combination of factors outlined in this Memorandum when determining the appropriate sentence to impose, a non-custodial sentence consistent with the Probation Department's recommendations (a one-year sentence of probation plus a $500 fine) or, in the alternative, a non-guideline, non-custodial sentence is warranted.

Very truly yours,

Benjamin Brafman

cc: Benjamin Naftalis, Esq. (via e-mail)
    Zondra Wilson (via e-mail)
    Rick Collins, Esq. (via e-mail)